UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Civil Action No. _____

DEBORA VELAZQUEZ,                    )
On behalf of herself and all others  )
similarly situated,                  )
                                     )
                Plaintiff,           )     JURY TRIAL DEMAND
         v.                          )
                                     )
STANLEY M. GLASER,                   )     COLLECTIVE ACTION
d/b/a GLASER ORGANIC FARMS,          )
d/b/a GLASER FARMS                   )     CLASS ACTION
                                     )
                Defendant.           )
_____       )

**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF**
**COSTS OF LITIGATION AND ATTORNEY'S FEE**

**PRELIMINARY STATEMENT**

1.   This is an action by a migrant farmworker, Debora Velasquez, formerly employed by the

Defendant as a kitchen food mixer and food packer to process raw organic food for retail sale at

various points in 2012, 2013 and 2014. Plaintiff Velasquez brings this action to secure and

vindicate her rights under the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("FLSA") and

the Migrant and Seasonal Agricultural Protection Act, 29 U.S.C. §1801 *et seq.* ("AWPA").

2.   Defendant Stanley M. Glaser, operating as Glaser Organic Farms, and/or Glaser Farms

failed to pay minimum and overtime wages to Plaintiff and her co-workers as required by the

FLSA. The Defendant paid Plaintiff and her co-workers less than the federally-mandated

minimum wage for their labor as a result unlawful charges for tools and uniforms incurred

principally for the Defendant's benefit, and paid Plaintiffs and her co-workers for all hours at

- 1 -

each worker's regular wage-rate rather than at one half times the regular wage-rate, as required by the FLSA, despite the fact that Plaintiff and the other workers routinely were employed in excess of 40 hours in a workweek.

3.  Throughout the period relevant to this action, the Defendant routinely violated several provisions of the AWPA and its attendant regulations, including those relating to recordkeeping, wage statements and wage payment.

4.  The Plaintiff seeks declaratory and injunctive relief on behalf of herself and her fellow food preparers and packagers for the Defendant's failure to pay or ensure payment of Social Security (FICA) taxes on their labor and to issue and file appropriate W-2 and W-3 forms so as to credit their individual Social Security earnings records with the labor performed on the Defendants' operations.

5.  The Plaintiff also seeks declaratory and injunctive relief on behalf of herself and her fellow co-workers for the Defendant's failure to pay or ensure payment of unemployment compensation (FUTA) taxes on their labor and to file appropriate documents with the Florida Reemployment Assistance (FRAP) so as to credit their individual reemployment assistance compensation earnings records with the labor performed on the Defendant's operations.

6.  The Plaintiff seeks to recover her unpaid wages, actual, statutory, liquidated, consequential and compensatory damages and pre- and post-judgment interest.  The Plaintiff also seeks a reasonable attorney's fee pursuant to 29 U.S.C. §216(b), and Fla. Stat. §448.08.

## JURISDICTION AND VENUE

7.  Jurisdiction is conferred on this Court by 29 U.S.C. §216(b), this action arising under the FLSA; by 29 U.S.C. §1854(a), this action arising under the AWPA; by 28 U.S.C. §1331, this

action arising under the laws of the United States; by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce.

8.   This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. §§2201 and 2202.

9.   Venue is proper under 28 U.S.C. §1391(b) because the Defendant is a resident of this district and the claims arose within this district.

## PARTIES

10. Plaintiff Debora Velazquez is a migrant worker from Guatemala who maintains her permanent home in that country. At various points between 2012 through 2014, the Plaintiff was employed by the Defendant preparing and packing raw organic fruits, vegetables and herbs into ready-to-go meals and was required to be absent overnight from her permanent place of residence in Guatemala. At all times relevant to this complaint, Plaintiff Velasquez was a migrant agricultural worker within the meaning of the AWPA in that she was employed by the Defendant in agricultural employment  of a seasonal or other temporary nature and required to be absent overnight from her permanent place of residence in Guatemala.

11. At all times relevant to this action, Plaintiff Velasquez was employed in the production of goods for interstate commerce, within the meaning of the FLSA. A substantial portion of the raw organic foods Plaintiff Velazquez prepared and packed was marketed and sold outside the state of Florida.

12. Defendant Stanley M. Glaser is a resident of Miami-Dade County.  Operating as Glaser Organic Farms, and/or Glaser Farms, Defendant Glaser continuously operated an organic farm and processing establishment in south Miami-Dade County.  At all times relevant to this action, the Defendant was an agricultural employer within the meaning of the AWPA, 29 U.S.C.

- 3 -

§1802(2), in that he owned or operated a processing establishment and employed migrant or seasonal agricultural workers. At all times relevant to this action, the Defendants employed the Plaintiffs and the other class members within the meaning of the FLSA, 29 U.S.C. §203(d).  The Defendant operates an enterprise engaged in the production of goods for commerce with gross annual sales of over $500,000.00.

## FACTUAL ALLEGATIONS

13. Since at least January 2012, Defendant Stanley M. Glaser has owned and operated an organic farm in southwest Miami-Dade County, Florida.

14. Operating as Glaser Organic Farms, Defendant Stanley M. Glaser grows various varieties of exotic fruits, vegetables and herbs at a farm in southwest Miami-Dade County, located at 19100 S.W. 137th Avenue.

15. Defendant Glaser also operates a processing establishment adjacent to its farm. At this processing establishment, the farm's produce is graded and processed for shipment to Florida and other states.  In addition to its own crops, the Defendant on a regular and continuing basis purchases agricultural produce from other growers to supplement its own produce and for use in its food processing operations.  The produce from outside growers constitutes a substantial portion of the produce packed in the Defendant's southwest Miami-Dade County processing establishment during each workweek.

16. Operating as Glaser Organic Farms, Defendant Stanley M. Glaser employs approximately 70 individuals to work in his farm's fields or in his processing establishment on a seasonal or other temporary basis, depending in part on the growing cycles and availability of the produce.

17.  Plaintiff Velazquez began working as a food preparer and packager for Defendant Glaser in or around January 2012.  She was employed on a seasonal or temporary basis in this position until December 2014.

18. Throughout the period of her employment with the Defendant, Plaintiff Debora Velasquez was paid on an hourly basis at the applicable Florida minimum wage --- $7.67 during 2012, $7.79 during 2013, and $7.93 during 2014.

19. Although she worked more than 40 hours in many workweeks, Plaintiff Velasquez was always paid at the Florida minimum wage rate for her work with the Defendant and was never compensated at one and one-half her regular rate or any other premium rate for the time she was employed in excess of 40 hours in a given workweek. The Plaintiff's co-workers at the Defendant's food processing establishment were also paid on a straight time basis throughout the time they worked at the facility, regardless of the hours worked during a workweek. When workers were employed in excess of 40 hours in a workweek, the Defendant did not compensate the workers at a rate of one and one-half their regular rate for the time worked in excess of 40 hours.

20. Throughout the period of her employment with the Defendant, Plaintiff Debora Velasquez and her co-workers were required to pay for work tools such as knives essential for performing their work activities. This expense was incurred solely for the benefit of the Defendant. The charge for the knives was deducted from the weekly wages of the Plaintiff and her co-workers whenever the Defendant directed any of them to buy a new knife. As a result of these withholdings, the wages of Plaintiff Velasquez and her co-workers were reduced below the mandated Florida and federal minimum wage rates.

21. Defendant Glaser required the Plaintiff and her co-workers to purchase and wear uniforms during working hours.  These uniforms, emblazoned with the logo of Glaser Organic Farms, were purchased by the workers primarily for the benefit of Defendant Glaser. The charge for the uniforms was deducted from the weekly wages of the Plaintiff and her co-workers .As a result of these withholdings, the wages of Plaintiff Velasquez and her co-workers were reduced below the mandated Florida and federal minimum wage rates.

22. In failing to pay Plaintiff and her co-workers wages equal to at least one and one-half their regular rate for overtime hours, as described in Paragraph 19, Defendant Glaser showed reckless disregard as to whether these practices were prohibited by the FLSA. Although he was aware that it was subject to the provisions of the FLSA, Glaser failed to adequately inquire or ascertain as to whether he was obligated to pay the Plaintiff and her co-workers at one and one-half their regular rate for work in excess of 40 hours in a workweek.

23. In or around December 2014, Plaintiff Velasquez was terminated from her employment with Defendant Glaser.

## COLLECTIVE ACTION ALLEGATIONS

24. All Claims set forth in Count I are brought by Plaintiff on behalf of herself and all other similarly situated persons pursuant to 29 U.S.C. §216(b).

25. During the period from November 3, 2012 through present, Defendant Glaser, doing business as Glaser Organic Farms, employed in excess of 200 different persons in its processing establishment, including the Plaintiff.

26. From November 3, 2012 through on or about November 2015, Defendant Glaser failed to pay the Plaintiff and other similarly situated employees working at its processing establishment

at one and one-half times their regular rate for all hours worked in excess of 40 during a workweek.

27. Pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), the Plaintiff seeks to prosecute her Fair Labor Standards Act claims as a collective action on behalf of all non-exempt individuals employed by Glaser at his food processing establishment who were compensated on an hourly basis at any time from November, 2012 through the date of judgment in this matter.

28. Notice of the pendency and any resolution of this action can be provided to the members of the class by mail, print publication, internet publication and/or posting in a conspicuous place at Glaser's food processing establishment.

## CLASS ACTION ALLEGATIONS

### (AWPA)

29. All claims set forth in Count II are brought by Plaintiff Velasquez on behalf of herself and all other similarly situated persons pursuant to Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

30. With respect to Count II, Plaintiff seeks to represent a class consisting of all migrant agricultural workers, as defined by the AWPA, employed at Glaser's processing establishment from October, 2012 through the date of judgment in this matter.

31. The members of the class are so numerous as to make joinder impracticable. The precise number of individuals in the class is known only to the Defendant but is believed to include over 200 individuals. The class is comprised of migrant workers, most of whom are not citizens of the United States. Many of the class members are not fluent in the English language. Most class members are unfamiliar with the American judicial system. The relatively small size of the

individual claims and the indigence of the class members make the maintenance of separate actions by each class member economically infeasible.

32. There are questions of law and fact common to the class. These common legal and factual questions include whether Glaser was legally obligated to pay minimum and overtime wages under the FLSA to the members of the class, and whether any violations of the AWPA were intentional within the meaning of that Act.

33. The Plaintiff's claims are typical of those of the other class members and these typical, common claims predominate over any questions affecting only individual class members.

34. The Plaintiff will fairly and adequately represent the interests of the class.  The Plaintiff has the same interests as do the other members of the class and will vigorously prosecute these interests on behalf of the class.

35. The Plaintiff's counsel are experienced in handling actions under the AWPA, including class actions. The Plaintiff's counsel are prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the class members under Rule 23(c)(2).

36. By failing to report the wages of the Plaintiff and the other class members to federal and state taxing officials for purposes of computing Social Security and unemployment compensation benefits, Defendant Glaser acted on grounds applicable generally to all members of the class so that final injunctive relief is appropriate with respect to the class as a whole.

37. A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy under the AWPA because, *inter alia*:

- The common issues of law and fact, as well as the relatively small size of the individual class members' claims, substantially diminish the interest of members of the class in individually controlling the prosecution of separate actions;

- Many members of the  class are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

- There is no  pending litigation against Glaser by the members of the class to determine the legal questions presented in Count II;

- It is desirable that the claims be heard in this forum because many of the acts giving rise to the causes of action set out herein arose in this district; and

- A class action can be managed without undue difficulty because Glaser regularly committed the violations complained of herein, and has records identifying each member of the class.

## COUNT I

### FLSA (Collective Action)

38. This count sets forth a claim for damages by the Plaintiff for Glaser's failure to pay minimum and overtime wages as required by the FLSA, 29 U.S.C. §§206 and 207(a).

39. The Plaintiff files this count on behalf of herself and others similarly situated pursuant to 29 U.S.C. §216(b).

40. Defendant Glaser violated the minimum wage provisions of the FLSA, 29 U.S.C. §206(a), by failing to pay the Plaintiff and other similarly situated at least $7.25 for every compensable hour each workweek.

41. The minimum wage violations set out in Paragraph 40 resulted from Glaser's unlawful deductions from the workers' wages for tools and uniforms that were for the Defendant's benefit, as set out in Paragraphs 20 and 21.

42. Glaser violated the rights of the Plaintiff and other similarly-situated workers employed in Glaser's processing establishment by employing them for workweeks longer than 40 hours

without compensating the workers for their employment in excess of 40 hours during the workweek at rates not less than one and one-half times the regular rate at which they were employed.

43. Glaser's violations of the FLSA were willful within the meaning of the Portal-to-Portal Act, 29 U.S.C. §255(a), as set out in Paragraph 22.

44. As a consequence of Glaser's violations of the FLSA as set out in this count, the Plaintiff and others similarly situated are each entitled to recover the amount of minimum wage and overtime wages due to them, plus an additional equal amount in liquidated damages, in accordance with Section 16(b) of the Act, 29 U.S.C. §216(b).

## COUNT II

### Migrant and Seasonal Worker Protection Act (Class Action)

45. This count sets forth a claim for damages by the Plaintiff and the other members of the class for Glaser's violations of the AWPA's recordkeeping, wage payment, wage statement, and working arrangement provisions.

46. By failing to pay Plaintiffs and the other members of the class minimum and overtime wages as required by the FLSA, Defendant failed to pay these workers their wages when due, in violation of the AWPA, 29 U.S.C. §1822(a).

47. In violation of the AWPA, 29 U.S.C. §1821(d)(1), Glaser failed to keep accurate and complete payroll records regarding the labor of the Plaintiff and the other members of the class. Among other things, Glaser failed to maintain an accurate accounting of the amounts withheld from workers' wages for purchases of tools and uniforms.

48. In violation of the AWPA, 29 U.S.C. §1821(d)(2), and its attendant regulations, 29 C.F.R. §500.80(d), Glaser failed to provide the Plaintiff and the other members of the class with

wage statements as required by the Act.  Among other things, the wage statements provided by Glaser did not contain the employer's name, address or Internal Revenue Service employer identification number, and did not itemize deductions made from wages.

49. In violation of the AWPA, 29 U.S.C. §1822(a), Glaser failed to pay the Plaintiff and the other members of the class their wages when due by failing to report the earnings of these workers and to pay corresponding taxes to federal and state officials.  Glaser did not report to the Florida Reemployment Assistance Program the wages of these workers or pay corresponding taxes.  Similarly, Glaser did not report the earnings of the Plaintiff and the other class members to the Social Security Administration or pay the corresponding taxes as required by the Federal Insurance Contributions Act.

50. Glaser's violations of the AWPA were the natural result of its conscious and deliberate acts. These violations occurred as part of Glaser's regular business practices. Glaser's violations of the AWPA were intentional within the meaning of the Act, 29 U.S.C. §1854.

51. As a result of Glaser's violations of the AWPA as set out in this count, the Plaintiff and the other members of the class have suffered damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court enter an order:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to similarly-situated employees so that they may promptly file consent forms and join this action;

b. Certifying this case as a class action in accordance with Rules 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims set forth in Count II;

c.  Granting judgment in favor of the Plaintiff on her Count I claims under the Fair Labor Standards Act, in the amount of the unpaid minimum and overtime due to her, as well as an equal amount as liquidated damages;

d.  Granting judgment in favor of those similarly-situated employees in the proposed FLSA class described in Count I who timely opt-in and awarding each of them the amount of the unpaid minimum and overtime wages due to him or her, as well as an equal amount as liquidated damages;

e.  Granting judgment in favor of the Plaintiff and the other class members on the claims under the Migrant and Seasonal Agricultural Worker Protection Act set forth in Count II, and awarding each of them his or her actual damages or statutory damages of $500, whichever is greater, for every violation of the AWPA set forth in that count;

f.  Enjoining Defendant Glaser from failing to issue W-2 forms and to otherwise report the wages of the Plaintiff and the other class members to appropriate federal and state agencies so as to properly credit their individual Social Security and unemployment compensation earnings records with their wages earned on the Defendant's operations;

g.  Awarding the Plaintiff a reasonable attorney's fee pursuant to 29 U.S.C. §216 and §448.08, Fla. Stat.;

h.  Awarding the Plaintiff the costs of this action; and

i.  Granting such further relief as this Court deems just and appropriate.

Respectfully submitted,

*/s/ Victoria Mesa*
Victoria Mesa
Florida Bar Number 076569
MESA AND COE LAW, P.A.

508 Lucerne Avenue
Lake Worth, Florida    33460-3819
Tel: (561) 880-8062
Fax: (561) 582-4884
Email: victoria@mesacoelaw.com

***/s/ Gregory S. Schell***
Florida Bar Number 287199
Migrant Farmworker Justice Project
Florida Legal Services, Inc.
508 Lucerne Avenue
Lake Worth, Florida  33460-3819
Tel: (561) 582-3921
Fax: (561) 582-4884
e-mail: greg@Floridalegal.Org

*Attorneys for Plaintiff*