UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

Civil Action No. 1:15-cv-24224-KMW

|  |  |
|---|---|
| **DEBORA VELASQUEZ,** <br> **on behalf of herself and all others** <br> **similarly situated**, <br><br>            **Plaintiffs,** <br> v. <br><br> **STANLEY M. GLASER,** <br> **d/b/a GLASER ORGANIC FARMS,** <br><br>            **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S MOTION TO ADD PARTY PLAINTIFF
AND FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

In accordance with Fed.R.Civ.P. 15(a)(2), 20 and 21 and Local Rule 15.1, Plaintiff Debora Velasquez hereby moves the Court for an order adding Rosa Carbonell as a party plaintiff in this action.

In addition, in accordance with Fed.R.Civ.P. 15(a)(2) and Local Rule 15.1, the Plaintiff move the Court for leave to file the accompanying proposed second amended complaint, reflecting the addition of Rosa Carbonell as a Plaintiff and setting out in detail her specific claims against Defendant Glaser, as well as conforming the prior allegations to the proof as developed thus far.

**MEMORANDUM OF LAW**

## I.  Motion to Add Parties Plaintiff

Generally, permissive joinder of plaintiffs is at the option of the plaintiffs, assuming they meet the requirements set forth in the applicable rule. *Cox v. City of Jackson*, 343 F.Supp.2d 546, 552, n.5 (S.D. Miss. 2004). The well-established policy underlying permissive joinder is to promote trial convenience and expedite the resolution of lawsuits. *Disparte v. Corporate Executive Board*, 223 F.R.D. 7, 10 (D.D.C. 2004), *citing Puricelli v. CNA Insurance Co.*, 185 F.R.D. 139, 142 (N.D.N.Y. 1999). Jonder is encouraged because it avoids a multiplication of lawsuits involving similar or identical issues. *Monon Telephone Co., Inc. v. Bristol*, 218 F.R.D. 614, 616 (N.D. Ind. 2003). The court's decision to permit joinder is based on whether the claims of the additional plaintiffs arose out of the same or separate acts or occurrences, whether the party seeking joinder has unduly delayed the proceedings, and whether the nonmovant would be prejudiced by the addition. *Ford v. Air Line Pilots Assoc. International*, 268 F.Supp.2d 271, 295-96 (E.D.N.Y. 2003).

In this instance, the joinder of Rosa Carbonell as a party plaintiff is fully consistent with concerns of judicial economy and efficiency. Ms. Carbonell's claims in many respects mirror those of Plaintiff Debora Velasquez. As reflected in the proposed Second Amended Complaint, Ms. Carbonell was employed alongside Plaintiff Velasquez at Glaser's processing facility throughout the period Plaintiff Velasquez worked there. The two of them performed similar tasks and both complain of Glaser's failure to pay minimum and overtime wages as required by the Fair Labor Standards Act. Indeed, Ms. Carbonell has already filed notice with the Court of her intent to opt-in as a plaintiff with regard to Plaintiff Velasquez's FLSA claims. *See* Docket Entries 20

and 20-1.[1]

If this motion is not granted, Ms. Carbonell will be required to file her own action before this Court, setting out FLSA claims identical to those raised in the current litigation.  This new suit would be subject to consolidation with the current litigation, resulting in the same relief sought in this motion.  If consolidation was not ordered, it would force this Court to try these claims against Defendant Glaser in two separate cases, relying on the same witnesses and evidence, a highly inefficient outcome for all concerned.

There will be no prejudice to Defendant Glaser from the addition of Ms. Carbonell as a plaintiff.   There has been no discovery completed thus far in this action, so Glaser will have the same opportunity for discovery with regard to Ms. Carbonell as he does with regard to Plaintiff Velasquez.  Addition of Ms. Velasquez as a plaintiff should not delay this matter or require the Court to alter any of the current deadlines because the overlap of her claims with those of Plaintiff Velasquez.[2]

---

[1] In addition to claims under the FLSA, Ms. Carbonell seeks to present claims based on Glaser's alleged willful filing of fraudulent tax documents, in violation of 26 U.S.C. §7434.  This claim ios based on Ms. Carbonell's assertion that Glaser only reported a fraction of her actual earnings on the W-2 forms he issued and filed with the Internal Revenue Service as part of a scheme to minimize his tax liabilities for Social Security (FICA) taxes.  Such practices may run afoul of the statute's prescriptions.  *See Cuellar-Aguilar v. Deggeller Attractions, Inc.*, ___ F.3d ___, 2015 WL 8958642 at *9 (8th Cir. Sep. 22, 2015).  The current Plaintiff, Debora Velasquez, has not made a similar claim, because Glaser never issued or filed any W-2 or other tax forms with respect to her employment.

[2] Although the addition of Ms. Carbonell will raise for the first time claims under 26 U.S.C. §7434, Glaser's alleged failure to file required W-2 forms is already before the Court as part of Plaintiff Velasquez's claims under the Migrant and Seasonal Agricultural Worker Protection Act.  *See* Amended Complaint (Docket Entry 11) at 12, ¶ 49.

## II.   Motion to File Second Amended Complaint

After a responsive pleading is served, Rule 15(a) permits a party to amend her pleading by leave of the Court, noting that "leave shall be freely granted" when justice demands.  Like other procedural rules, Rule 15(a) is designed to assist in case management and to prevent prejudice to the litigants, rather than providing avenues for a party to escape liability based on a technical misstep by the opposing party's counsel.  *Gulf Group Holdings, Inc. Coast Asset Management*, 2007 WL 496733 at *10 (S.D. Fla., Feb. 13, 2007).  In this vein, Rule 15(a) is intended is "to enable a party to assert matters that were overlooked or unknown at the time he interposed the original compliant."  6A C.A. Wright A. Miller, *Federal Practice & Procedure* § 1473.  Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."  *Florida Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006).  *See also McKinley v. Kaplan*, 177 F.3d 1253, 125 (11th Cir. 1999) ("In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave should, as the rules require, be 'freely given.'"; *Gropp v. United Airlines, Inc.*, 847 F.Supp. 941, 943 (M.D. Fla. 1994) ("[t]he refusal of a district court to grant plaintiff to leave without any justifying reason ... is not an exercise of discretion by the court, but is an abuse of discretion and [is] inconsistent with the spirit of the ... Rules.")

Because this amendment is filed in the relatively early stages of this case, before any discovery has been completed or any substantive motions filed, it will not prejudice or result in

undue delay.  *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (observing that "[p]rejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided.")

In accordance with Local Rule 7.1(B), the undersigned certifies that he has conferred with Frank Henry, counsel of record for Defendant Glaser.    Defendant Glaser opposes the relief sought in this motion.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's' motion should be granted and Rosa Carbonell should be added as a party plaintiff and the Plaintiff Velasquez should be granted leave to file and serve her Second Amended Complaint.

Respectfully submitted,

***/s/ Gregory S. Schell***
Florida Bar Number 287199
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, Florida   33460-3819
Telephone:    (561) 582-3921
Facsimile:     (561) 582-4884
e-mail: greg@Floridalegal.Org

Victoria Mesa
Florida Bar Number 076569
MESA AND COE LAW, P.A.
508 Lucerne Avenue
Lake Worth, Florida      33460-3819
Telephone:    (561) 880-8062
Facsimile:     (561) 582-4884
e-mail: victoria@mesacoelaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system sending a notice of electronic filing to counsel on the following service list on this 15th day of February, 2016.

*/s/ Gregory S. Schell*
Gregory S. Schell

## SERVICE LIST

Victoria Mesa
Mesa & Coe Law, P.A.
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
Counsel for Plaintiff

Gregory S. Schell
Migrant Farmworker Justice Project
Florida Legal Services, Inc.
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
Counsel for Plaintiff

Frank H. Henry
BLUEROCK LEGAL, P.A.
Suite 410
10800 Biscayne Boulevard
Miami, Florida 33161
Counsel for Defendant