UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-24224-CIV-WILLIAMS

DEBORA VELASQUEZ,

     Plaintiff,

vs.

STANLEY M. GLASER,

     Defendant.

_____/

## ORDER

**THIS MATTER** is before the Court on Plaintiff's fully-briefed motion for leave to add party plaintiff and for leave to file a second amended complaint.[1] (DE 25). In the operative complaint, Plaintiff is pursuing claims on behalf of herself and others similarly situated for violations of the Fair Labor Standards Act ("FLSA") (Count I) and for violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA") (Count II). The Parties disagree whether Plaintiff's motion is properly construed as requesting amendment, joinder, or intervention. The Parties do not dispute, however, that the second amended complaint would introduce a claim brought on behalf of a proposed class that is distinct from the group that Plaintiff has proposed to represent in the operative complaint.

The arguments advanced by Plaintiff focus on judicial efficiency. But, it is not entirely clear that adding a separate and distinct  class would assist in efficiently

---

[1] Plaintiff has already amended her pleading once before. (DE 11).

adjudicating all of these controversies.[2] *See Kerr v. City of W. Palm Beach*, 875 F.2d 1546, 1558 (11th Cir. 1989) ("[T]he issues in the class action that are subject to generalized proof and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof."). To the contrary, it appears that the additional proposed class claim for violation of the tax code[3] is asserted on behalf of a new group that is not coextensive or even necessarily overlapping, with either of the current proposed classes. Defendant describes the multiplicity of proposed classes this way:

> Count 1: An FLSA class claim on behalf of Velasquez and Carbonnel;
> Count 2: An AWPA class claim on behalf of Velasquez but not Carbonnel; and
> Count 3: A tax code class claim on behalf of Carbonnel but not Velasquez.

(DE 26 at 3). If all three claims were certified for collective treatment, the Court would be administering three groups of litigation in one case. *See Lampliter Dinner Theatre, Inc. v. Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1045–46 (11th Cir. 1986) ("[T]rial courts are afforded great discretion in managing their dockets.").

Although FLSA and AWPA claims may be amenable to being considered together,[4] the same is not necessarily true for the proposed claim for failure to file

---

[2] The fact of a common defendant does not necessitate joinder or consolidation of every claim. Under Rule 20, "[t]he district court has broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices." *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002) (citing *In re Rasbury*, 24 F.3d 159, 168 (11th Cir. 1994)). The Eleventh Circuit has held that "[d]ropping or adding a party to a lawsuit pursuant to Rule 21 is left to the sound discretion of the trial court." *Lampliter Dinner Theatre, Inc. v. Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1045 (11th Cir. 1986).

[3] Plaintiff proposes to add a claim under the Internal Revenue Code's prohibition on willful filing of fraudulent tax information forms.

[4] *See, e.g.*, *Morante-Navarro v. T&Y Pine Straw, Inc.*, 350 F.3d 1163, 1165 (11th Cir. 2003); *Jean v. Torrese*, 278 F.R.D. 656, 658 (S.D. Fla. 2011) (Seitz, J.).

payroll tax returns.  Thus, whether viewed through the rubric of Federal Rule of Civil Procedure 15, 18, 20, 21, 23, or 24, the Court concludes that judicial efficiency militates against the inclusion of the new proposed claim.  Accordingly, Plaintiff's motion (DE 25) is **DENIED**.

As Plaintiff acknowledges, Carbonnel could pursue her claims for tax code and FLSA violations separately from this matter.  Such an action would not be required to be consolidated with this one because the Court finds that discovery and consideration of the issues would be more efficiently handled separately.

**DONE AND ORDERED** in chambers in Miami, Florida, this _10_ day of March, 2016.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE