UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:15-cv-24224-KMW/Simonton

DEBORA VELAZQEZ,
On behalf of herself and all others
similarly situated,

        Plaintiff,

v.

STANLEY M. GLASER,
d/b/a GLASER ORGANIC FARMS,
d/b/a GLASER FARMS,

  Defendant.
_____/

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO MOTION FOR CLASS CERTIFICATION AND OTHER RELIEF [D.E. 30]

Defendant, STANLEY M. GLASER, d/b/a GLASER ORGANIC FARMS, d/b/a GLASER FARMS, through his counsel, BLUEROCK LEGAL, P.A., hereby files and serves this Memorandum in Opposition to Motion for Class Certification and Other Relief.

### Statement of Relevant Facts

Plaintiff seeks in the present Motion to certify a class of some of her former co-workers who work in the "processing facility to prepare and pack meals of raw vegetables for commercial sale." [D.E. 30-1 at p. 3]  The Motion is denied.  Plaintiff is attempting to "highjack" a pending settlement between Defendant and the United States Department of Labor, Wage and Hour Division as to the same group of people and many others.

Plaintiff is well aware that the Wage and Hour Division has concluded a full inspection of the payroll practices of Defendant Glaser Farms.  That wall-to-wall

1

inspection included, but was not limited to, the same employees that Plaintiff seeks to join in the present lawsuit. Plaintiff describes them as "food processing workers employed since March, 2013." [D.E. 30-1 at p.1] The Wage and Hour Division's inspection and settlement has taken months and was finalized on April 14, 2016.

The only remaining work to be done is the distribution of payroll checks to those that the Wage and Hour Division found were owed money. Those payments will be made under the supervision of the Wage and Hour Division by May 14, 2016. A copy of redacted correspondence from the Wage and Hour Division dated April 14, 2016, describing the settlement is attached hereto as Exhibit 1.

The Department of Labor has preemptive authority under the FLSA to bring a lawsuit on behalf of the employees in the "class" described in Plaintiff's Motion and to supervise the settlement of those claims. The right of any employee or former employee to join this lawsuit is extinguished when the employee accepts payment under the supervision of the Wage and Hour Division and executes WH-58 forms acknowledging payment. Their individual claims are extinguished when they are paid wages and sign WH-58. In the event that those payments are not made for any reason, the Department of Labor has the statutory authority and the authority under the Agreement signed by Defendant to bring its own litigation to enforce the settlement.

Thus, in any conceivable scenario, the "class" claims that Plaintiff seeks to litigate here will be resolved or extinguished in the next 30 days. Plaintiff's motion to add those claims to this lawsuit should be denied.

BlueRock Legal, P.A. • 10800 Biscayne Boulevard, Suite 410, Miami, Florida 33161

## Memorandum of Law

**A. The "Class" sought to be certified in the present Motion is part of a settlement supervised by the Department of Labor.**

Count I of the Complaint arises under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.. That claim is brought on behalf of Plaintiff Velasquez and on behalf of a class of employees who work in the Kitchen facility at Defendant's farm manufacturing food products for retail sale. Plaintiff asks the Court to certify those employees as a "class" under the FLSA and facilitate notices to them with an opportunity to "opt-in" to this lawsuit.

The latent defect in Plaintiff's Motion is that the "class" of employees described in the Motion is already represented by the United States Department of Labor, Wage and Hour Division, in an administrative proceeding toward the same relief under the same statute. The Wage and Hour Division is the federal agency that is responsible for the enforcement of the FLSA. See 29 U.S.C. § 211, 216 (2016). The Wage and Hour Division conducts investigations into compliance with the minimum wage and overtime provisions of the FLSA, including the collection of records from an employer, interviews with employees, and the inspection of workplaces. 29 U.S.C. § 211(a) (2016). Employers are required to keep records of hours worked by employees, the wages paid to employees, and make them available to the Wage and Hour Division. 29 U.S.C. § 211(c) (2016).

The Secretary of Labor has the right to bring a lawsuit for the payment of unpaid wages and other relief under the FLSA. 29 U.S.C. § 216(c). The Secretary of Labor has prodigiously exercised that authority. However, any litigation by the Secretary is always preceded by an inspection by the Wage and Hour Division. In the event a perceived

3

violation is found, the Wage and Hour Division attempts to resolve the issue with voluntary compliance by the employer.  The Secretary of Labor is authorized to supervise the payment of the unpaid minimum wages or the unpaid overtime compensation owing to any employee or employees under FLSA, and the agreement by any employee to accept such payment constitutes a waiver of rights under the FLSA.  29 U.S.C. § 216(c) (2016).

The FLSA also provides for a private right of action.  29 U.S.C. § 216(b).  Thus, there are only two ways under the FLSA to resolve a claim for unpaid wages:  (1) in a settlement supervised by the Department of Labor; or (2) by a private lawsuit and settlement approved by the Court and reduced to a judgment.  <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 (11th Cir. 1982).

The problem that has arisen in the present case is that Plaintiff is attempting to bring a class action on behalf of a specific group of employees at the same time the Wage and Hour Division has settled the same claim as to the same group of employees.  The Wage and Hour Division's investigators visited Defendant's workplace for their final inspection on April 8, 2016.  The payroll periods covered by the examination extended into 2012, well outside the two-year statute of limitations under the FLSA.  The Wage and Hour Division found in the inspection that Glaser Organic Farms had established a good faith defense to any claim of a willful violation of the FLSA.  The Wage and Hour Division conducted an individual inquiry as to each employee's and former employee's records and made individual findings of back wages due to each employee and former employee.  As a result of that investigation, the Wage and Hour Division issued WH-56, "Summary of Unpaid Wages," as to all employees to whom back wages are owed.  A redacted copy of that WH-56 is attached hereto as Exhibit 2.

BlueRock Legal, P.A. • 10800 Biscayne Boulevard, Suite 410, Miami, Florida 33161

Defendant has agreed to pay those wages described in WH-56 and has duly executed an Agreement to do so. The Wage and Hour Division has issued WH-58 forms for each employee receiving wages under the settlement, in Spanish and in English. When the employee executes that form in exchange for back wages, rights under the FLSA will be extinguished.

Thus, within the next thirty (30) days, each of the employees in the class described in the present Motion will be issued WH-58 waiver forms and paid the wages determined by the Wage and Hour Division to be owed under the FLSA. Each of those employees will have waived rights under the FLSA as part of a settlement supervised by the Department of Labor. See Lynn's Food Stores, 679 F.2d at 1353. There will be no "class" to participate in this lawsuit and, therefore, the present Motion should be denied.

**B. The Department of Labor has preemptive authority to bring a lawsuit to enforce the FLSA, and can seek broader relief than would be available to private litigants.**

In the event that the present Motion was granted and notices were sent to prospective class members, such notices would be inherently misleading if class members were advised that they had the right to "opt in" to the present lawsuit. That is because each of them are going to be receiving back wages in an amount determined by the Department of Labor. In the event that Defendant, for any reason, did not pay those wages, the Department of Labor has the right under the FLSA and its agreement with Defendant to sue Defendant for enforcement of those rights and any right to bring a private lawsuit or to intervene in a lawsuit under the FLSA is extinguished the moment that the Secretary of Labor files a lawsuit:

5

> The right provide by subsection (b) to bring to recover the liability specified in the first sentence of such subsection and of any employee to become a party plaintiff to any such action shall terminate upon the filing of a complaint by the Secretary in an action under this subsection in which a recovery is sought of unpaid minimum wages or unpaid overtime compensation under sections 6 or 7 or liquidate or other damages provided by this subsection owing to such employee by an employer liable under the provisions of subsection (b), unless such action is dismissed without prejudice on motion of the Secretary.

29 U.S.C. §216(c).

Any claim, such as the claim in the present case, that is filed prior to the date the Secretary of Labor files suit, may continue on as an individual action. Donovan v. Univ. of Texas, 643 F.2d 1201, 1207 (5th Cir. 1981). That is why Plaintiffs Velasquez and Carbonell were excluded from the settlement with the Wage and Hour Division.

The purpose of this procedure is to "relieve the courts and employers of the burden of litigating a multiplicity of suits based on the same violation of the Act by the employer." S.Rep.No.145, 87th Cong., 1st Sess. (1961) reprinted in U.S. Code Cong. & Ad. News. 1659 (cited in Donovan, 643 F.2d at 1207). The federal government has much broader authority to seek relief on behalf of the class. For example, the right to sue for injunctive relief rests exclusively with the Department of Labor. 29 U.S.C. § 211(a) (2016); Powell v. Florida, 132 F.3d 677 (11th Cir. 1998). Likewise, employees do not have authority to sue for violations of the FLSA's recordkeeping requirements – that authority is vested in the Secretary of Labor. 29 U.S.C. § 217 (2016); Elwell v. Univ. Hosps. Home Care Servs., 276 F.3d 832 (6th Cir. 2002). The Secretary of Labor has the exclusive authority to impose a civil money penalty for violating the FLSA. 29 C.F.R. § 578.4 (2016).

BlueRock Legal, P.A. • 10800 Biscayne Boulevard, Suite 410, Miami, Florida 33161

The administrative investigation and settlement underway outside of this lawsuit is the process favored under the FLSA:

> Moreover, the FLSA expressly authorizes the Secretary of Labor to bring suit on behalf of employees who have suffered violations of the minimum wage or overtime provisions. 29 USC 216(c). Thus, to the extent that there is an obligation to look out for potential claimants, the Act places that obligation upon the Secretary. There is no justification for imposing, in addition, a duty upon a plaintiff or his lawyer to protect the interests of individuals who will not be bound by the plaintiff's lawsuit.

<u>Mackenzie v. Kindred Hosps. E.</u>, 276 F.Supp.2d 1211, 1216-1217 (M.D. Fla. 2003).

The Department of Labor investigation includes all current and former employees, other than Plaintiffs Velasquez and Carbonell, who have exercised their individual rights to file a private right of action. There is simply no good reason to certify the same class in the present lawsuit. There is no good reason to invite those same employees to join in this lawsuit. Plaintiff's motion should be denied.

## CONCLUSION

For each of the foregoing reasons, Defendant respectfully requests that Plaintiff's motion to certify an FLSA class and send class notices be denied in its entirety.

BLUEROCK LEGAL, P.A.
Counsel for Defendant
10800 Biscayne Boulevard, Suite 410
Miami, FL 33161
Phone:  (305) 981-4300
Fax:     (305) 981-4304
E-mail: fhenry@bluerocklegal.com
            dgonzalez@bluerocklegal.com

By:   /s/ Frank H Henry
       Frank H. Henry
       Florida Bar No. 956554
       Daniel Gonzalez
       Florida Bar No. 118696

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system sending a notice of electronic filing to counsel on the attached service list on April 15, 2016.

        /s/ Frank H. Henry
        Frank H. Henry

**SERVICE LIST**

Victoria Mesa-Estrada
Florida Bar Number 076569
Mesa-Estrada Law, P.A.
Compson Financial Center, Suite 205
1880 North Congress Avenue
Boynton Beach, Florida 33426
Tel: (561) 880-8062
Fax: (561) 828-8359
Email: victoria@mesaestradalaw.com
Co-Counsel for Plaintiff

Gregory S. Schell
Florida Bar Number 287199
Migrant Farmworker Justice Project
Florida Legal Services, Inc.
Post Office Box 32159
Palm Beach Gardens, Florida 33420
Tel: (561) 582-3921
Fax: (561) 582-4884
e-mail: greg@Floridalegal.Org
Co-Counsel for Plaintiff

Frank H. Henry (FBN 956554)
BLUEROCK LEGAL, P.A.
10800 Biscayne Boulevard, Suite 410
Miami, Florida  33161
Telephone: (305) 981-4300
Facsimile:  (305) 981-4304
Email:  fhenry@bluerocklegal.com
Counsel for Defendant

Daniel Gonzalez (FBN 118696)
BLUEROCK LEGAL, P.A.
10800 Biscayne Boulevard, Suite 410
Miami, Florida  33161
Telephone: (305) 981-4300
Facsimile:  (305) 981-4304
Email:  dgonzalez@bluerocklegal.com
Counsel for Defendant