UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:15-cv-24224-KMW/Simonton

DEBORA VELASQUEZ,
On behalf of herself and all others
similarly situated,

    Plaintiff,
v.

STANLEY M. GLASER,
d/b/a GLASER ORGANIC FARMS,
d/b/a GLASER FARMS,

    Defendant.
_____/

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant Stanley M. Glaser, d/b/a Glaser Organic Farms, d/b/a Glaser Farms ("Glaser"), by and through his undersigned counsel, BlueRock Legal, P.A., hereby files and serves this Reply Memorandum in Support of Defendant's Motion For Partial Summary Judgment [D.E. 36].

**A.**    **Plaintiff Admitted Nearly All Facts Material To This Motion.**

The facts relied upon by Defendant in support of his Motion for Partial Summary Judgment were drawn entirely from the transcript of Plaintiff's own deposition or from her Amended Complaint.  It is not surprising, therefore, that Plaintiff admitted each of those facts. [D.E. 40-5] Plaintiff's only substantive denial was as to the total number of employees working for Defendant and, as discussed below, that denial weighs in favor of granting Defendant's Motion. [D.E. 40-5, ¶ 7]  There are no "material" issues of disputed facts.  For multiple independent reasons, Plaintiff

is not covered by the law upon which she seeks relief in Count II.  Summary judgment should be granted for Defendant.

Plaintiff does not dispute that she was never employed in tilling or tending the soil or growing or harvesting food products and that she was not employed in "primary agriculture" under the AWPA.  She has one simple (albeit severely flawed) argument that she was employed in "secondary agriculture" under the AWPA based on the same facts relied upon in Defendant's Motion.  Summary judgment is appropriate where there is no dispute as to any material fact.  Fed. R. Civ. P. 56(c) (2016).  There does not appear to be an issue of any of the facts that are material to this case and, therefore, summary judgment is appropriate.

**B.     Plaintiff Was Not Employed In "Agriculture" Simply Because She Was Working With Fruits and Vegetables.**

Plaintiff does not dispute that she was working in a "kitchen" or that the kitchen was a "food factory" where she was "mixing various commodities to create new, manufactured food products."  [D.E. 40 at p. 3]  In addition to those job duties, Plaintiff argues that it was significant that she was cutting, slicing and placing other fruits and vegetables into "clamshell containers or Ziploc bag [sic] for retail sale."  [D.E. 40 at p. 4]  Plaintiff claims that she was employed in "agriculture" because she was "handling unmanufactured [agricultural] commodities."  [D.E. 6]  Plaintiff offers absolutely no authority for such an absurdity.

Under Plaintiff's strained interpretation of the definition of "agriculture," the AWPA would cover the employee who makes our salad at our favorite local restaurant, or the food server who squeezes our orange juice at breakfast, or the chef who slices and refrigerates produce for later use in a delicious recipe.  Each of these people are "clearly handling unmanufactured

2

commodities" as described by Plaintiff [D.E. 40 at p. 6] such that they would be employed in "agriculture" under the AWPA.  Of course the idea that any person dealing with raw "unmanufactured" fruits and vegetables is employed in "agriculture" in this context is absurd, and supported nowhere in the law.

In making that absurd argument, Plaintiff ignores the entirety of the law in this area.  For example, Plaintiff made it a point to affirmatively aver in her own statement of facts that "10 to 30 percent of the raw materials handled in the kitchen came from other farms." [D.E. 40-5 ¶ 4]  The fact that Plaintiff was working with products that were not grown on Defendant's farm is sufficient reason, standing alone, to conclude that she was not employed in "agriculture."  See 29 C.F.R. § 780.141 (2016) ("the performance on a farm of any practice, such as packing or storing, which may be incidental to farming operations cannot constitute a basis for considering the employees engaged in agriculture if the practice is performed upon any commodities that have been produced elsewhere than on such farm").  The fact that Plaintiff admits that she was working on "10 to 30 percent" of products grown on other farms means, as a matter of law, that she was not employed in agriculture.

Plaintiff does not dispute but does not address the fact that any farming operation of Defendant is subordinate to the kitchen operation where Plaintiff worked.  [See D.E. 36 at pp. 9-10]  See 29 C.F.R. § 780.145 (size of operation is relevant to determination whether it was secondary agriculture).  Plaintiff does not address this issue in her memorandum, even though it is one of many dispositive criteria against her claim that she was employed in agriculture under the AWPA.

It is worth noting that Plaintiff's claim that she was employed in "agriculture" under the AWPA is opposite and inconsistent with her claim for unpaid wages in Count I of the Amended Complaint. Employees engaged in agriculture are exempt from overtime pay under the Fair Labor Standards Act. 29 U.S.C. § 213(b)(12) (2016) (exempting from the FLSA "any employee employed in agriculture"); 29 U.S.C. § 213(b)(13) (exempting "any employee with respect to his employment in agriculture by a farmer"). Thus, in Count I Plaintiff claims that she *was not* employed in agriculture, and in Count II Plaintiff claims that she *was* employed in agriculture. if Plaintiff is employed in agriculture, then Count I of the Amended Complaint is without merit.

Regardless of the internal inconsistency of her claims, Plaintiff admits as she must that she was formerly employed in a kitchen to slice, cut, smash and mix raw foods to make foods for retail sale. There can be no doubt that Plaintiff was not employed in agriculture under the AWPA. There is no support in the law for that claim. The opposite is true. See Centeno-Bernuy v. Becker Farms, 564 F.Supp.2d 166, 178 (W.D.N.Y. 2007) (peeling apples later used to make apple pies for sale in a retail store was not secondary agriculture). Summary judgment should be granted for Defendant because there is no issue of material fact, and Plaintiff was not employed in "agriculture" under the AWPA.

C. **Plaintiff Was Not Employed As A Seasonal or Migrant Worker.**

Defendant argued in its Motion that Plaintiff was never employed as a migrant and seasonal agricultural worker under the AWPA because:

1. Plaintiff was working year round for Defendant;

2. Plaintiff was not a field worker, she worked in a kitchen;

4

      3.      Plaintiff was not absent overnight away from her permanent residence, she was commuting to work from her home with her family and children in Miami.

Each of these three issues is dispositive to her claim. Her responses to each issue amplifies the propriety of summary judgment in this case.

First, Plaintiff claims that Defendant's business is "seasonal" because demand for a few of his many products fluctuate during the year (i.e., guacamole demand increases during the Superbowl). Even if the entire business was seasonal (which Plaintiff does not claim in this case), the Eleventh Circuit has held that Plaintiff is only a seasonal worker if she was employed to work in a crop field, not in a kitchen. See <u>Caro-Galvan v. Curtis Richardson, Inc.</u>, 993 F.2d 1500, 1509 (11th Cir. 1993) (working in a crop field is "the touchstone of seasonality"). In the instant case, it is undisputed that Plaintiff did not perform field work. [D.E. 40-5, ¶1]. It is undisputed that she worked year-round for Glaser without performing field work. [D.E. 40-5, ¶8].

Plaintiff also incorrectly argues that she is a "nonimmigrant alien" whose permanent place of residence is her country of origin. [D.E. 40, at pg. 8-9]. The Department of Labor's regulations contain a specific definition of "nonimmigrant alien" that unquestionably excludes Plaintiff. The regulations define "nonimmigrant alien" as "a person who has a residence in a foreign country which he does not intend to abandon and who comes temporarily to the United States with approval of the Attorney General to perform temporary service or labor." 29 C.F.R. § 500.20(w) (2016). This definition does not apply to Plaintiff.

Plaintiff has admitted that she moved to the United States from Guatemala in 2000 and that she has lived in the United States ever since. [D.E. 40-5, ¶9-10] Plaintiff has not produced any document that indicates that she has the "approval of the Attorney General" to be present in the United States to "perform temporary service or labor." To the contrary, she admitted that she has

not been to Guatemala (her country of national origin) in the last ten years. [D.E. 40-5, ¶10]. After having lived in the United States for 16 years, it is difficult to imagine a rational argument that Plaintiff has the intention to stay in the United States "temporarily." Plaintiff is not a "nonimmigrant alien" as argued by her attorney.

Even if Plaintiff was a "nonimmigrant alien" as suggested by her lawyer, summary judgment would be appropriate as to her AWPA claim because the AWPA specifically excludes "nonimmigrant aliens" from its protection. The Department of Labor's regulations state that "seasonal agricultural worker does not include . . . any temporary nonimmigrant alien who is authorized to work in agricultural employment in the United States . . . ." 29 C.F.R § 500.20(p)(1)-(p)(1)(ii). The Department of Labor's regulations also state that "seasonal agricultural worker does not include . . . any temporary nonimmigrant alien who is authorized to work in agricultural employment in the United States . . . ." *Id.* § 500.20(r)(i)-(r)(i)(C). Thus, even if Plaintiff is correct that she is a nonimmigrant alien, she is nonetheless excluded from the definitions of seasonal worker and migrant worker under the AWPA. Summary judgment is appropriate for Defendant in either scenario.

## CONCLUSION

Plaintiff's arguments in response to the Motion are all flawed. The undisputed facts show that she was not employed in agriculture under the AWPA, she was not employed in seasonal employment, and she was not a migrant worker. Summary judgment should be granted on Glaser on Count II of the Amended Complaint.

                                    BlueRock Legal, P.A.
                                    Counsel for Defendant
                                    10800 Biscayne Boulevard, Suite 410
                                    Miami, FL 33161
                                    Phone:  (305) 981-4300
                                    Fax:     (305) 981-4304
                                    E-mail: fhenry@bluerocklegal.com
                                                      dgonzalez@bluerocklegal.com

By:   /s/ Frank H Henry
     Frank H. Henry
     Florida Bar No. 956554
     Daniel Gonzalez
     Florida Bar No. 118696

## **CERTIFICATE OF SERVICE**

     I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system sending a notice of electronic filing to counsel on the attached service list on June 16, 2016.

                                            /s/ Frank H. Henry
                                          Frank H. Henry

**SERVICE LIST**

Victoria Mesa-Estrada
Florida Bar Number 076569
Mesa-Estrada Law, P.A.
Compson Financial Center, Suite 205
1880 North Congress Avenue
Boynton Beach, Florida 33426
Tel: (561) 880-8062
Fax: (561) 828-8359
Email: victoria@mesaestradalaw.com
Co-Counsel for Plaintiff

Gregory S. Schell
Florida Bar Number 287199
Migrant Farmworker Justice Project
Florida Legal Services, Inc.
Post Office Box 32159
Palm Beach Gardens, Florida 33420
Tel: (561) 582-3921
Fax: (561) 582-4884
e-mail: greg@Floridalegal.Org
Co-Counsel for Plaintiff

Frank H. Henry (FBN 956554)
BLUEROCK LEGAL, P.A.
10800 Biscayne Boulevard, Suite 410
Miami, Florida  33161
Telephone: (305) 981-4300
Facsimile:  (305) 981-4304
Email:  fhenry@bluerocklegal.com
Counsel for Defendant


Daniel Gonzalez (FBN 118696)
BLUEROCK LEGAL, P.A.
10800 Biscayne Boulevard, Suite 410
Miami, Florida  33161
Telephone: (305) 981-4300
Facsimile:  (305) 981-4304
Email:  dgonzalez@bluerocklegal.com
Counsel for Defendant